## CIRCUIT COURT OF ALLEGHANY COUNTY

In re Jacob Ryan Angle

January 31, 2001

BY JUDGE DUNCAN M. BYRD, JR.

This Juvenile and Domestic Relations appeal was heard by the Court on December 8, 2000. At the conclusion of the hearing, the parties requested leave to submit additional Memoranda to the Court as well as the Memoranda submitted to the Juvenile and Domestic Relations District Court. The Court has now received and reviewed the record, argument of counsel, and supporting Memoranda. The case presents a very unusual set of facts; however, the Court will not recite the facts since they are virtually undisputed.

The issue is whether Billy Angle, who executed a declaration of paternity pursuant to Code of Virginia, 1950, as amended, § 20-49.1, and Carol Angle, the custodian of the child in question, owe a duty of support in addition to the duty of support of the biological parents. For reasons which follow, the Court concludes that they do.

In the case of *N.P.A. v. W.B.A.*, 8 Va. App. 246, 380 S.E.2d 178 (1989), the court held:

> The general rule in Virginia is that a parent owes a duty of support only to his or her natural or legally adopted child. See *T. v. T.*, 216 Va. 867, 869, 224 S.E.2d 148, 150 (1976).

*Id.* at 249.

However, the Court went on to acknowledge that:

> In *T. v. T.* the Court recognized that other jurisdictions have held a husband liable for support of his wife's illegitimate child under one of several theories, depending upon the circumstances; (1) expressed oral contract; (2) estoppel; (3) common law adoption; or (4) the husband standing *in loco parentis* to the child. 216 Va. at 869, 224 S.E.2d at 150.

*Id.* at 250.

This Court concludes that execution of an acknowledgment of paternity pursuant to Code of Virginia, 1950, as amended, § 20-49.1(B)(2), is also a theory which provides an exception to the general rule regarding support for non-biological children.

In addition, the Court concludes that Ms. Carol Angle has an obligation of support pursuant to theory of *in loco parentis* as stated in *N.P.A. v. W.B.A.*, 8 Va. App. 246, 380 S.E.2d 178 (1989):

> The theory of *in loco parentis*, provides, in effect, that a stepparent or one who knowingly and voluntarily assumes the role of parent to a child may obtain certain legally cognizable rights and obligations the same as if between "a parent and child" but only so long as the relationship which gave rise to the rights and duties continues to exist. *Doughty v. Thornton*, 151 Va. 785, 792, 145 S.E. 249, 251 (1928).

*Id.* at 251. In accord, *Russell v. Russell*, Chancery No. 165476, Cir. Ct. Fairfax Co. (May 5, 2000).

With respect to the method of calculation of support, the Court will adopt the method approved in *Russell v. Russell*, Chancery No. 165476, Cir. Ct. Fairfax Co. (May 5, 2000), at least initially. However, as the Court indicated at hearing, the Court is still considering whether a pro-rata reduction of the "guideline" amount of support would be appropriate. The Court invites input from counsel on this issue.